**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO ANTONIO BALLARD, | No. 10-56220 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-00957-IEG |
| v. | |
| MATTHEW CATE; EDMUND G. BROWN, Jr., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief Judge, Presiding

Submitted December 19, 2011[**]

Before:  GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

California state prisoner Roberto Antonio Ballard appeals from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition.  We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ballard contends that the his due process rights were violated because he was visibly shackled in the presence of the jury without adequate justification. We review for harmless error to determine whether the alleged shackling error had a substantial and injurious effect or influence on the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).

We need not decide whether Ballard's claim is procedurally defaulted because it lacks merit. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002).

The district court did not err in determining that there was no evidence in the record to demonstrate the physical restraints were visible to the jury. *See Rich v. Calderon*, 187 F.3d 1064, 1069 (9th Cir. 1999) (no constitutional error where defendant was shackled with ankle chains during trial and shackles were behind curtain placed around the defense table to insure that they were not visible to the jury). Further, even if Ballard's declaration, submitted in response to the magistrate judge's Report and Recommendation, did establish a due process violation, this violation would not entitle Ballard to any relief under *Brecht*. *See Larson v. Palmateer*, 515 F.3d 1057, 1064 (9th Cir. 2008).

Ballard's request that we remand for an evidentiary hearing is denied.

**AFFIRMED.**

2